Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: 310.788.9900
Facsimile:  310.788.3399

Lauren Watts Staniar, *pro hac vice*
LStaniar@perkinscoie.com
Jacob P. Dini, *pro hac vice*
JDini@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff
Twitch Interactive, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITCH INTERACTIVE, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> CHRIS VOSTERMANS, an individual, also known as CRUZZCONTROL; and CREATINEOVERDOSE, an individual, <br><br> Defendant. | Case No. 4:21-cv-7006-JST <br><br> STIPULATED PERMANENT INJUNCTION |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

**FINDINGS AND CONCLUSIONS**

1. This is an action for Breach of Contract and Fraud in the Inducement under California law.

2. The First Amended Complaint alleges that Defendant Chris Vostermans, aka CruzzControl, breached the Twitch Terms of Service, which constitutes a valid and enforceable contract between Twitch and Defendant, by participating in Hate Raids on the Twitch Services

-2-

whereby perpetrators spammed Twitch streamers with hateful, racist, sexist, and homophobic content prohibited by the Terms. The First Amended Complaint alleges that Defendant committed Fraud in the Inducement by misrepresenting his intentions when he signed up for the Twitch Services and creating false Twitch accounts to participate in the Hate Raids.

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a) because the Parties are completely diverse—Defendant is domiciled in the Netherlands and Twitch is domiciled in Delaware and California—and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court under 28 U.S.C. § 1391.

5. The Court has personal jurisdiction over Defendant for the purpose of entry and enforcement of this Injunction.

## INJUNCTION

Based on the stipulation of the Parties, Defendant is hereby enjoined as follows:

A. Defendant will permanently refrain from using, accessing and/or engaging in any way with the websites available at http://www.twitch.tv, and its network of websites, software applications, and any other products or services offered by Twitch ("Twitch Services"). For avoidance of doubt, this means Defendant is permanently banned from creating any accounts on the Twitch Services; participating in creating any accounts on the Twitch Services; and using the Twitch Services in any capacity, including but not limited to as a streamer, a viewer, or someone who participates in the chat function.

B. Defendant will not aid, assist or support, in any way, any other person or entity in undertaking the actions described in Paragraph A above.

## BINDING EFFECT

IT IS FURTHER ORDERED that this Injunction shall be binding upon and inure to the benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, distributors, agents, affiliates, and all other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Injunction by personal service or otherwise.

**RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Injunction is final and may not be appealed by either party. The Court shall retain jurisdiction for the purpose of construing, modifying, and enforcing this Permanent Injunction.

IT IS SO ORDERED.

Dated: February 10, 2022

_____
HONORABLE JON S. TIGAR
United States District Judge