1   Katherine M. Dugdale, Bar No. 168014
    KDugdale@perkinscoie.com
2   PERKINS COIE LLP
    1888 Century Park E., Suite 1700
3   Los Angeles, CA  90067-1721
    Telephone:  310.788.9900
4   Facsimile:  310.788.3399

5   Jacob Dini, *pro hac vice*
    JDini@perkinscoie.com
6   PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
7   Seattle, WA 98101-3099
    Telephone:  206.359.8000
8   Facsimile:  206.359.9000

9   Attorneys for Plaintiff
    Twitch Interactive, Inc.

10

11

12                     UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                       SAN FRANCISCO DIVISION

15

16   TWITCH INTERACTIVE, INC., a           Case No. 4:21-cv-7006-JST
     Delaware corporation,
17                                          **PLAINTIFF TWITCH INTERACTIVE,**
                    Plaintiff,              **INC.'S *EX PARTE* APPLICATION TO**
18                                          **SERVE DEFENDANT MANGO AKA**
              v.                            **MANGOBLACKSUNLEGION AND**
19                                          **MANGOBLACKSUN VIA**
     MANGO, an individual, also known as    **ALTERNATIVE MEANS**
20   MANGOBLACKSUNLEGION and
     MANGOBLACKSUN; and
21   CREATINEOVERDOSE, an individual,       [L. CIV. R. 7-10]

22                  Defendants.

23

24

25

26

27

28

-1-

158765321.5

1   **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2         **PLEASE TAKE NOTICE** that Plaintiff Twitch Interactive, Inc. ("Twitch") will and

3   hereby does apply to the Court ex parte for an order pursuant to Federal Rules of Civil Procedure

4   4(f)(3) for leave to serve Defendant Mango, an individual, also known as MangoBlackSunLegion

5   and MangoBlackSun ("Mango") via alternative means.  This motion complies with Local Civil

6   Rule 7-10 because, as explained in the motion, Twitch has been unable to serve Mango despite

7   due diligence.  *See, e.g., Johnson v. Umbarger LLC*, No. 20-CV-06542-LHK, 2021 WL 292192,

8   at *3 (N.D. Cal. Jan. 28, 2021) (granting *ex parte* application for alternative service); *WeWork*

9   *Companies Inc. v. WePlus (Shanghai) Tech. Co.*, No. 5:18-CV-04543-EJD (N.D. Cal. Aug. 7,

10   2018) (same).  The parties could not stipulate to this application, pursuant to Civil Local Rule 7-

11   11(a), because Mango has evaded identification and service.

12         Specifically, Plaintiff seeks the Court's permission under Federal Rule of Civil Procedure

13   4(f)(3) to serve Mango via email.  This motion is based upon this notice, the following

14   Memorandum of Points and Authorities, the Declaration of Katherine Dugdale, filed concurrently

15   herewith, all pleadings and papers on file, and on such additional evidence or arguments as the

16   Court may deem proper.

17

18   Dated:  November 2, 2022           **PERKINS COIE LLP**

19

20                 By: */s/ Katherine M. Dugdale*
                  Katherine M. Dugdale, Bar No. 168014

21                     KDugdale@perkinscoie.com
                  Jacob P. Dini, *pro hac vice*

22                     JDini@perkinscoie.com

23                     *Attorneys for Plaintiff*
                  Twitch Interactive, Inc.

24

25

26

27

28

158765321.5

1

## TABLE OF CONTENTS

2                                                                                         **Page**

3   I.     INTRODUCTION ...................................................................................................... 6

4   II.    BACKGROUND ....................................................................................................... 6

5          A.     Plaintiff Twitch Interactive, Inc. ................................................................. 6

6          B.     Defendant Mango ......................................................................................... 7

7   III.   ARGUMENT ............................................................................................................ 9

8          A.     International Agreement Does Not Prohibit Email Service. ........................ 9

9          B.     Service by Email is Reasonably Calculated to Provide Notice to Mango. .......... 10

10  IV.    CONCLUSION. ...................................................................................................... 12

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4:21-CV-7006-JST**
APPLICATION FOR ALTERNATIVE SERVICE

158765321.5

1

**TABLE OF AUTHORITIES**

2

<b>Page(s)</b>

3

**CASES**

4

*D.Light Design, Inc. v. Boxin Solar Co.*,
5
   No. C-13-5988 EMC, 2015 WL 526835, at *2 (N.D. Cal. Feb. 6, 2015)........................... 9, 10

6
*Fabian v. LeMahieu*,
   No. 4:19-CV-00054-YGR, 2020 WL 3402800 (N.D. Cal. June 19, 2020) ............................. 9

7

*Facebook, Inc. v. Banana Ads*,
8
   LLC, No. C-11-3619 YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012).......................... 10

9
*Future Motion, Inc. v. Doe*,
   No. 21-CV-03022-JSC, 2021 WL 3052594 (N.D. Cal. July 20, 2021).................................. 11
10

*Goes Int'l, AB v. Dodur Ltd.*,
11
   No. 14-CV-5666 LB, 2015 WL 1743393 (N.D. Cal. Apr. 16, 2015) ............................... 9, 11

12
*Johnson v. Umbarger LLC*,
13
   No. 20-CV-06542-LHK, 2021 WL 292192 (N.D. Cal. Jan. 28, 2021)..................................... 2

14
*Reflex Media, Inc. v. SuccessfulMatch.com*,
   No. 20-CV-06393-JD, 2021 WL 275545 (N.D. Cal. Jan. 27, 2021) ..................................... 10
15

16
*Rio Properties, Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007, 1017 (9th Cir. 2002)...................................................................................... 9

17

*Toyo Tire & Rubber Co. v. CIA Wheel Grp.*,
18
   No. 15-0246-DOC, 2016 WL 1251008 (C.D. Cal. Mar. 25, 2016) ................................. 10, 11

19
*WeWork Companies Inc. v. WePlus (Shanghai) Tech. Co.*,
   No. 5:18-CV-04543-EJD (N.D. Cal. Aug. 7, 2018) ............................................................... 2
20

21
*Williams-Sonoma Inc. v. Friendfinder Inc.*,
   No. C06-06572 JSW, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007)..................................... 10

22

**OTHER AUTHORITIES**

23

Federal Rules of Civil Procedure 4(f)(1) ...................................................................................... 9
24

Federal Rules of Civil Procedure 4(f)(3) ............................................................................... 2, 6, 9
25

Hague Convention, Art. 1, 20 U.S.T. 361, 658 U.N.T.S. 163 ..................................................... 9
26

27
Hague Convention, Status Table 14,
   https://www.hcch.net/en/instruments/conventions/status-table/?cid=17,  last
28
   visited October 19, 2022 ..................................................................................................... 10

-4-

158765321.5

-5-

Local Civil Rule 7-10 ................................................................................................................ 2

Local Civil Rule 7-11(a) ........................................................................................................... 2

**4:21-CV-7006-JST**
APPLICATION FOR ALTERNATIVE SERVICE

158765321.5

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Plaintiff Twitch Interactive, Inc. ("Twitch") respectfully requests an order pursuant to Fed. R. Civ. P. 4(f)(3) authorizing service of Defendant Mango, an individual, also known as MangoBlackSunLegion and MangoBlackSun ("Mango") via email.  Twitch brought the present action against Mango and CreatineOverdose to stop them from using bots and other automated processes to harass members of the Twitch community with racist, sexist, and homophobic content.  Mango's conduct clearly violates the Twitch Terms of Service and Community Guidelines that they agreed to prior to using Twitch.tv and its affiliated network of websites ("Twitch Services").  It also harms Twitch and the millions of people who use the Twitch Services daily.

Mango carried out their attacks entirely online using the aliases Mango, MangoBlackSunLegion, and MangoBlackSun.  To obscure their identity and evade Twitch's best policing efforts, Mango created dozens of Twitch accounts, often using bots to create accounts at a robotic pace.  Twitch uncovered Mango's involvement after a thorough investigation into current and former defendants and other possible perpetrators of the attacks, and particularly through responses to third-party subpoenas.  But despite its diligent efforts, Twitch has been unable to determine Mango's real name or physical address.  Accordingly, Twitch seeks leave to serve Mango at the email addresses that Twitch learned through its investigation of Mango.  This method of service is reasonably calculated to provide Mango with notice of this lawsuit, given the virtual nature of their conduct and their efforts to avoid identification.

**II.    BACKGROUND**

**A.     Plaintiff Twitch Interactive, Inc.**

Twitch is one of the world's leading services for content creators to stream content as part of a social, interactive community.  In 2020, Twitch users watched over 1 trillion minutes of content, and Twitch.tv had 30 million average daily visitors.  Second Amended Complaint ("Compl.") (Dkt. No. 40) at ¶ 1.  While watching streams, visitors can use Twitch's chat function to interact in real time with the Twitch streamer they are watching and other viewers of the

158765321.5

1   stream. *Id.* at ¶¶ 21–22.  People who use the Twitch chat function must create an account and

2   agree to Twitch's Terms of Service and Community Guidelines (collectively, the "Terms").  *Id.* at

3   ¶ 28.  All visitors to the Twitch Services, regardless of whether they create an account or not, are

4   bound by the Twitch Terms of Service and Community Guidelines.  *Id.*

5          The safety of the Twitch community is Twitch's top priority.  To ensure that Twitch's

6   community remains safe and enjoyable for all users, Twitch strictly forbids harassment, threats,

7   and hateful conduct.  *Id.* at ¶¶ 2, 31. The Twitch Terms also specifically ban "discrimination,

8   denigration, harassment, or violence based on the following protected characteristics: race,

9   ethnicity, color, caste, national origin, immigration status, religion, sex, gender identity, sexual

10  orientation, disability, serious medical condition, and veteran status." *Id.* at ¶¶ 2, 35.  Twitch

11  users who are banned for violating the Terms are prohibited from accessing Twitch in the future.

12  *Id.* at ¶ 30.

13  **B.    Defendant Mango**

14         Beginning in or about August 2021, Mango participated in the coordinated attacks on

15  Twitch streamers and their viewers by flooding those communities with hateful language and

16  content.  *Id.* at ¶¶ 4, 14, 47–49, 53–56.  Mango worked with others to perpetuate the attacks, and

17  has done so by managing a server on a third-party chat platform dedicated to the purpose.  *Id.* at

18  ¶¶ 4, 47–49.  These attacks (colloquially known, and referred to hereafter, as "hate raids")

19  involved posting in streamers' chats hate-filled and obscene text, including racial and

20  homophobic slurs, personally identifying information, and malicious links (such as to gore-filled

21  and violent videos) over a short period of time.  *Id.* at ¶¶ 43–44.  Multiple Twitch accounts linked

22  to Mango have engaged in hate speech on Twitch and employ profile images containing

23  swastikas and nudity, which would appear on hate raid victims' channels when Mango used these

24  accounts during hate raids.  *Id.* at ¶ 47.  Mango also purportedly made a false call to emergency

25  services in an attempt to bring armed police officers to a streamer's address without that

26  streamer's knowledge and created Twitch accounts with usernames that contained hate raid

27  victims' residential addresses, which were visible to any Twitch users or website visitors.  *Id.* at

28  ¶¶ 48–49.  Twitch worked quickly to stop the hate raids, but Mango, like CreatineOverdose,

158765321.5

1  evaded Twitch's moderation efforts (and those of the affected streamers) by using fraudulently

2  created "bot" accounts, created for the sole purpose of launching large scale, automated hate

3  raids. *Id.* at ¶ 44.

4        Since the attacks, Twitch has diligently investigated possible perpetrators of the hate raids.

5  Declaration of Katherine M. Dugdale in Support of Ex Parte Motion for Alternative Service

6  ("Dugdale Decl.") ¶¶ 3-4.  Twitch conducted an internal investigation and a search of public

7  sources in an effort to identify Mango. *Id.* ¶ 7.  As a result of these efforts, Twitch successfully

8  identified an email address that Mango used when they created their "MangoBlackSun" Twitch

9  account: realmango1209@gmail.com. *Id.* at ¶ 8.  Mango took substantial steps to hide their

10 identity, including hiding their true IP address and location and using multiple "dummy" email

11 accounts. *Id.* at ¶ 6.  After its investigation uncovered additional information about the believed

12 sources of the hate raids, including Mango, Twitch then served a subpoena on Discord to identify

13 these individuals and seek additional information. *Id.* at ¶ 10.  On March 2, 2022, it received

14 documents produced in response to that subpoena, which included email addresses, phone

15 numbers, and IP addresses associated with hate raids perpetrators, including another email

16 address associated with Mango: madsh1209@gmail.com. *Id.*  The Discord subpoena response

17 further showed that the realmango1209@gmail.com email address was also associated with one

18 of the Discord accounts Twitch believed to be associated with Mango. *Id.*

19        Having discovered two Gmail accounts associated with Mango, Twitch subsequently

20 served a subpoena on Google on April 4, 2022, seeking identifying information associated with

21 those Gmail addresses and other persons of interest. *Id.* at ¶ 11.  Google produced an initial

22 response on April 29, 2022 and discussions continued for months regarding additional responsive

23 documents. *Id.*  While these subpoenas resulted in useful information about other individuals

24 involved in the hate raids, they did not uncover Mango's real name or physical address, and

25 instead further supported Twitch's belief that Mango is attempting to evade identification. *Id.* at

26 ¶ 12.  To confirm the email addresses remained operational, a series of test emails to both email

27 addresses associated with Mango were sent.  While initial emails were successfully delivered to

28 both addresses, a subsequent email to realmango1209@gmail.com was returned as undeliverable.

158765321.5

1    *Id.* at ¶ 14.  Based on IP addresses associated with Mango's Twitch and Discord accounts, Twitch

2    believes that Mango may reside in Denmark, but cannot confirm their current whereabouts or

3    street address.  *Id.* at ¶ 5.

4    **III.    ARGUMENT**

5          Rule 4(f)(3) of the Federal Rules of Civil Procedure provides that "an individual ... may

6    be served at a place not within any judicial district of the United States ... by other means not

7    prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  The Ninth

8    Circuit has interpreted Rule 4(f)(3) to allow service on foreign defendants by email where the

9    defendants were unreachable by other means or had no known physical address.  *Rio Properties,*

10   *Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002).  A plaintiff does not need to

11   attempt service through other means prior to serving a defendant under Rule 4(f)(3).  *Id.* at 1014–

12   15.  To that end, service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief," and

13   such service is left "to the sound discretion of the district court."  *Id.* at 1015–16 (internal quotes

14   omitted); *Fabian v. LeMahieu*, No. 4:19-CV-00054-YGR, 2020 WL 3402800, at *2 (N.D. Cal.

15   June 19, 2020).  To establish that service of process by email is appropriate, a plaintiff must show

16   only that (1) international agreement does not prohibit service by email; and (2) service by email

17   is "reasonably calculated to provide actual notice" to the defendant.  *Id.* at 1014, 1016.  Twitch

18   readily makes both showings here.

19   **A.    International Agreement Does Not Prohibit Email Service.**

20         Service on Mango by email is not prohibited by international agreement.  As referenced in

21   Rule 4(f)(1), the primary international agreement governing service of process abroad is the

22   Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

23   Commercial Matters ("Hague Convention").  *Rio Properties*, 284 F.3d at 1015 n.4. But because

24   Twitch was unable to identify Mango's physical addresses despite due diligence, the Hague

25   Convention does not apply.  Hague Convention, Art. 1, 20 U.S.T. 361, 658 U.N.T.S. 163 ("This

26   Convention shall not apply where the address of the person to be served with the document is not

27   known."); *see also D.Light Design, Inc. v. Boxin Solar Co.*, No. C-13-5988 EMC, 2015 WL

28   526835, at *2 (N.D. Cal. Feb. 6, 2015) ("Because the physical addresses of these Defendants are

**4:21-CV-7006-JST**
APPLICATION FOR ALTERNATIVE SERVICE

158765321.5

1   unknown, the Hague Convention does not apply."); *Goes Int'l, AB v. Dodur Ltd.*, No. 14-CV-

2   5666 LB, 2015 WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (noting that the Hague Convention

3   does not apply if defendants' "physical addresses are unknown").

4          And even if it were to apply, the Hague Convention does not prohibit service by email.

5   *See Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C06-06572 JSW, 2007 WL 1140639, at *2

6   (N.D. Cal. Apr. 17, 2007) ("The Court concludes that… service via email is not prohibited by an

7   international agreement."); *Facebook, Inc. v. Banana Ads*, LLC, No. C-11-3619 YGR, 2012 WL

8   1038752, at *2 (N.D. Cal. Mar. 27, 2012) (collecting cases where court held service by email did

9   not violate the Hague Convention).  Twitch's investigation suggests that Mango may live in

10   Denmark.  *See* Dugdale Decl. ¶¶ 4, 8.  In its declaration regarding the Hague Convention, the

11   Netherlands does not object to service by email.  *See* Hague Convention, Status Table 14,

12   https://www.hcch.net/en/instruments/conventions/status-table/?cid=17, last visited October 19,

13   2022.  No other international agreement applies or prohibits service of process by email. *D.Light*

14   *Design*, 2015 WL 526835, at *2 ("Absent the application of the Hague Convention, it is not

15   apparent that any international agreement… prohibit[s] service of process by email"); *Toyo Tire*

16   *& Rubber Co. v. CIA Wheel Grp.*, No. 15-0246-DOC (DFMX), 2016 WL 1251008, at *3 (C.D.

17   Cal. Mar. 25, 2016) ("Additionally, the Court is unaware of any other international agreement

18   that would prohibit [plaintiff] from serving… via email.").  Accordingly, no international

19   agreement prohibits Twitch from serving Mango via email.

20   **B.      Service by Email is Reasonably Calculated to Provide Notice to Mango.**

21          Alternative service by email is "all the more warranted" when a defendant attempts to

22   avoid identification and service by traditional means.  *Reflex Media, Inc. v. SuccessfulMatch.com*,

23   No. 20-CV-06393-JD, 2021 WL 275545, at *3 (N.D. Cal. Jan. 27, 2021).  Here, in perpetuating

24   the hate raids, Mango hid behind online pseudonyms, and they did not provide Twitch with their

25   real name or addresses despite using the Twitch Services.  After diligent investigation, the most

26   reliable information Twitch has about Mango is two email addresses.  The first,

27   realmango1209@gmail.com, was provided when creating the original MangoBlackSun Twitch

28   account, and was also used in connection with one of Mango's Discord accounts.  The second,

-10-

158765321.5

madsh1209@gmail.com, is associated with one of Mango's Discord accounts.  Because Mango

provided the same realmango1209@gmail in connection with two separate accounts (Twitch and

Discord), and given the madsh1209@gmail.com email address contains identical numerical

characters as the first email address, it is reasonably likely that Mango owns these email accounts

and it is thus reasonably likely that service via one or both of these email addresses will provide

Mango with notice of this action and an opportunity to present any objections to the Court.  *See*

*Goes Int'l*, 2015 WL 1743393, at *3 (granting plaintiff's motion for leave to serve defendant by

emails where "the court is uncertain what more [plaintiff] could do to provide [defendant] notice

of these proceedings.").

        Twitch has confirmed that both email addresses were recently functional, but a subsequent

test email to realmango1209@gmail.com was returned as undeliverable.  *See* Dugdale Decl. ¶ 13.

Given that emails to the realmango1209@gmail.com address were sent within days of each other,

and only the second email could not be delivered, Twitch believes that Mango is active and

continuing to evade service by deleting the email account(s) before they can be served.[1]  *Id.*

Twitch has no indication that the madsh1209@gmail.com email address associated with Mango is

currently inactive or otherwise undeliverable, but is concerned about directly sending any formal

messages related to the present case without first obtaining this Court's leave to serve Mango via

email, in case Mango also attempts to evade formal service through similar means.  *See Future*

*Motion, Inc. v. Doe*, No. 21-CV-03022-JSC, 2021 WL 3052594, at *2 (N.D. Cal. July 20, 2021)

("Service by electronic mail is reasonably calculated to provide actual notice when the test email

is not returned as undeliverable or bounced back." (citations omitted)); *Toyo Tire*, 2016 WL

1251008, at *3 (granting motion for service via email where defendants "both have known email

addresses identified as their preferred contact information" for accounts related to the cause of

action, and noting that "many cases have found service of process by email to be reasonably

---

[1] Twitch's counsel previously sent emails to the other Defendant, CreatineOverdose, using an email address similarly associated with CreatineOverdose's original Twitch account.  *See* Dkt. No. 36 at 11.  Yet while an initial email was also successfully delivered, subsequent messages revealed that the underlying email account was disabled shortly after Twitch's original communication.  *Id.*

**4:21-CV-7006-JST**
APPLICATION FOR ALTERNATIVE SERVICE

158765321.5

1   calculated to provide actual notice" (citations omitted)).  If anything, given the source of Mango's

2   email addresses and Mango's efforts to avoid detection, service by email to these addresses is the

3   most likely means to provide them with actual notice of this lawsuit.

4   **IV.      CONCLUSION.**

5          For the foregoing reasons, Twitch respectfully seeks this Court's leave to serve Defendant

6   Mango (aka MangoBlackSun and MangoBlackSunLegion) via email, or by any other such

7   method as the Court may direct.

8

9   Dated:  November 2, 2022                            **PERKINS COIE LLP**

10

11                                                      By: */s/ Katherine M. Dugdale*
                                                            Katherine M. Dugdale, Bar No. 168014
                                                            KDugdale@perkinscoie.com
12                                                          Jacob P. Dini, *pro hac vice*
                                                            JDini@perkinscoie.com
13

14                                                      *Attorneys for Plaintiff*
                                                        Twitch Interactive, Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

158765321.5