UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITCH INTERACTIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CREATINEOVERDOSE, et al.,<br><br>Defendants. | Case No. 21-cv-07006-JST  (SK)<br><br>**ORDER REGARDING ADDITIONAL BRIEFING**<br><br>Regarding Docket No. 58 |

On May 2, 2023, Plaintiff Twitch Interactive, Inc. ("Twitch") filed a motion for default judgment against Defendants Mango aka MangoBlackSunLegion, an individual, and CreatineOverdose, an individual.  (Dkt. No. 58.)  Plaintiff requests injunctive relief and damages in this matter.  The Court hereby ORDERS Plaintiff to submit additional briefing regarding damages in this matter by June 14, 2023.

Twitch alleged that Defendants are liable for both breach of contract and fraud in the inducement in this matter.  Based on these alleged violations, Twitch asserts that it is entitled to recover $328,164 in actual damages.  (Dkt. No. 58 at 15.)  Twitch argues that the costs described were proximately caused by Plaintiff's actions.

While the facts alleged in the Complaint are taken as true for the purposes of default judgment, "courts must make specific findings of fact in assessing the amount of damages." *Facebook, Inc. v. ILikeAd Media Int'l Co. Ltd.*, No. 19-CV-07971-SK, 2022 WL 2289064, at *5 (N.D. Cal. Feb. 1, 2022).  Additionally, Courts have discretion regarding damages in default judgment.  *Id.*  In breach of contract claims under California law, "the non-breaching party is entitled to recover only those damages, including lost future profits, which are 'proximately caused' by the specific breach…. the breaching party is only liable to place the non-breaching party in the same position as if the specific breach had not occurred."  *Postal Instant Press, Inc. v.*

United States District Court
Northern District of California

*Sealy*, 43 Cal. App. 4th 1704, 1709 (1996). In such cases, damages are limited to actual damages and consequential damages which are "*foreseeable* and proximately caused by the breach of contract." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 968, (2004) (emphasis added); see also *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 932 (N.D. Cal. 2009). Similarly, claims for fraud in the inducement require a showing proximate cause under California law. *S. Union Co. v. Sw. Gas Corp.*, 180 F. Supp. 2d 1021, 1041 (D. Ariz. 2002) (applying California law).

Plaintiff first alleges that it spent $44,372 reviewing and addressing over 130,000 reports concerning "hate raids" on its platform, which are one of the actions by Defendants allegedly constituting breach of contract. The Court seeks additional briefing and a cost breakdown regarding whether Defendants caused each of these 130,000 reports and corresponding reviews or if other actors caused them. (Dkt. Nos. 58 at 15; 58-2 at ¶ 2.)

Twitch next states it spent $29,292 to identify and investigate hate raid actors and banning them. (Dkt. No. 58 at 15.) Twitch states that these actors included Defendants. Under a proximate cause theory, Defendants are not liable for costs associated with hate raids that did not involve them. Plaintiff has not alleged that Defendants' actions were the "but for" cause of the full amount of these costs. The Court requests additional briefing and a breakdown of costs regarding what portion of this amount was spent directly investigating and banning Defendants – as opposed to other actors.

Next, Twitch states that it spent $2,200 implementing measures to detect and prevent Defendants' evasion techniques. (Dkt. Nos. 58 at 15; 58-1 at ¶¶ 2-3) The Court requests clarification and a breakdown of costs as to whether this implementation was specifically directed toward Defendants and made necessary by Defendants' actions– as opposed to other actors.

Finally, Twitch states that it implemented "security measures, updates and fixes" that cost $254,500 in engineer time and other resources. (Dkt. No. 58 at 16.) Plaintiff states that these measures were a direct response to Defendants' conduct and that Defendants' breach was the "but for" cause of these costs. (*Id.*) The Court requests additional briefing and a detailed cost breakdown on these costs regarding whether any of these security measures, updates and fixes

were put in place for *any* reasons outside of Defendants' actions, including if they were based on hate raids conducted by other parties, or if any of these measures were planned prior to Defendants' actions.

The Court therefore ORDERS Plaintiff to file additional briefing as described above by June 12, 2023.  This briefing shall not exceed 15 pages, excluding exhibits.  Defendants' may file a response by June 19, 2023.  The hearing on this motion is hereby continued to June 26, 2023 at 9:30 am.

**IT IS SO ORDERED**.

Dated: June 1, 2023



SALLIE KIM
United States Magistrate Judge