Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Jacob P. Dini, *pro hac vice*
JDini@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff
Twitch Interactive, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITCH INTERACTIVE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MANGO, an individual, also known as MANGOBLACKSUNLEGION and MANGOBLACKSUN; and CREATINEOVERDOSE, an individual,<br><br>Defendants. | Case No. 4:21-cv-7006-JST (SK)<br><br>**PLAINTIFF TWITCH INTERACTIVE, INC.'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**<br><br>Hearing Date: September 21, 2023<br>Time: 2:00 p.m.<br>Place: Courtroom 6, 2nd Floor<br><br>*Honorable Jon S. Tigar* |

-1-

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 21, 2023 at 2:00 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Jon S. Tigar, located at Oakland Courthouse, Courtroom 6 - 2nd Floor, 1201 Clay Street, Oakland, California 94612, Plaintiff Twitch Interactive, Inc. ("Twitch") will and hereby does move pursuant to Fed. R. Civ. P. 72(b) and Civil Local Rules 7-2 and 72-3 for de novo determination of dispositive matter referred to Magistrate Judge Sallie Kim regarding the portion of the July 20, 2023 Report and Recommendation Regarding Default Judgment (Dkt. No. 69, hereafter "Report") denying, in part, Twitch's motion for default judgment with respect to Defendants CreatineOverdose's and Mangoblacksunlegion's or Mangoblacksun's ("Mango," and with CreatineOverdose, "Defendants") liability on Twitch's fraud in the inducement claim.

Twitch objects only to the determination made in the Report that Twitch has not adequately pled a claim for fraud in the inducement against Defendants. *See* Report at 6-7. Twitch requests that the Court enter default judgment against Defendants with respect to the fraud in the inducement claim, and that the Court otherwise adopt the remainder of the Report that Twitch does not object to, including liability on the breach of contract claim, and the award of $328,164 in damages and injunctive relief.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the records and files in this action, and any other matter the Court may consider.

## I. INTRODUCTION

Twitch moves for de novo review of only one part of the Report and Recommendation (Dkt. No. 69, hereafter "Report"), the denial of Defendants' liability for fraud in the inducement. Defendants created fake identities for the sole purpose of intentionally inducing Twitch to enter into contracts with Defendants so they could misuse Twitch's services to harass members of the Twitch community with racist, sexist, and homophobic content. Defendants created these fake accounts even after being banned by Twitch in order to fraudulently enter into new contracts with Twitch and because of Defendants' intentional use of false names and identifiers, Twitch had no way of knowing it was Defendants behind the accounts.

Twitch brought two separate but interrelated causes of action as a result of Defendants' conduct: fraud in the inducement and breach of contract. While either claim can stand on its own, this Court has previously found that Defendants' actions satisfy the elements of both claims. In particular, this Court has twice granted Twitch's motions where the Court was asked to consider the sufficiency of Twitch's claims against Defendants, including Twitch's claim for fraud in the inducement. Under the law of the case doctrine, the Court should not adopt conclusions that are inconsistent with those prior determinations. *See* Dkt. Nos. 17, 22 (granting motion for expedited discovery) *and* 35, 38 (granting motion for leave to file second amended complaint).

Notwithstanding the prior orders and facts and evidence set forth by Twitch, the Report erroneously found Defendants not liable for fraud in the inducement. But Twitch adequately pled that Defendants intended to induce Twitch's reliance and that Twitch justifiably relied on Defendants' misrepresentations. Defendants were aware of the falsity of their representation because they had been banned from Twitch previously for their hate raids, and intended to deceive Twitch into accessing the Twitch Services because they knew that Twitch would not have permitted them to create new Twitch accounts if Twitch knew their true identities. Relying on these representations, Twitch granted Defendants access to the Twitch Services. This reliance was justified because Twitch did not know that Defendants were concealing their identities in order to enter into to new Twitch accounts

-3-

Twitch moves for de novo review of only that finding in the Report because a finding of liability for fraud in the inducement is consistent with the facts and evidence, and necessary and appropriate to hold Defendants accountable for their egregious conduct.

## II. BACKGROUND

The hate raids described in detail in Twitch's Second Amended Complaint (Dkt. No. 40, hereafter "SAC") required a Twitch account to conduct the attacks. SAC ¶¶ 21, 24, 44. Each time Defendants created a new account to gain access to Twitch's services, they had to represent to Twitch that they agreed to and accepted Twitch's Terms of Service and Community Guidelines (collectively, the "Terms"). *Id.* ¶ 28. The Terms prohibit the conduct at issue here. *Id.* ¶ 31. Whenever Twitch detected Defendants' hate raid attacks, Twitch banned Defendants' accounts to try to stop the attacks. *Id.* ¶¶ 5, 52, 69. But Defendants were undeterred and continued their hate raids by creating new Twitch accounts using fake names and identifiers, and using bot software which allowed the creation of thousands of fake accounts in a matter of minutes. *Id.* ¶ 82. Defendants' creation of fake accounts after being banned in order to continue the prohibited conduct evidences their intent to defraud Twitch. *Id.* ¶¶ 81-82. Because Defendants were using fake identities to create the accounts, Twitch was induced into granting Defendants access to its services. *Id.* ¶¶ 82-83. Twitch's reliance was justified because it did not know the fake accounts were related to Defendants. *Id.*

Twitch asserted two causes of action against Defendants for two distinct sets of conduct: (1) breach of contract for violating the Terms, and (2) fraud in the inducement for accessing Twitch's services by concealing their identities in order to continue their attacks, and fraudulently causing Twitch to unknowingly enter in the Terms with Defendants and grant them access to Twitch's services. *Id.* ¶¶ 60-85.

Shortly after filing its first amended complaint—which included both claims—Twitch then moved for expedited discovery to identify the anonymously-named defendants from that complaint, including CreatineOverdose. Dkt. No. 17. To obtain expedited discovery, Twitch was required to show that "the plaintiff's suit against defendant could withstand a motion to dismiss."

*Id.* at 10 (quoting *Skout, Inc. v. Jen Processing, Ltd.*, No. 14-CV-02341-JSC, 2015 WL 224930, at *2 (N.D. Cal. Jan. 15, 2015)). Twitch demonstrated that its allegations concerning both breach of contract and fraud in the inducement met that standard (*id.* at 14) and the Court granted Twitch's motion. Dkt. No. 22. After conducting third party discovery, Twitch then moved to file its current Second Amended Complaint to add Mango as a defendant. Dkt. No. 35. Under this standard, Twitch was required to show that its amendment would not be "futile," meaning that its allegations stated a claim as a matter of law. *Id.* at 9 (citing *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bur.*, 701 F.2d 1267, 1293 (9th Cir. 1983)). The Court granted this motion too. Dkt. No. 38.

After Defendants were properly served and failed to appear, Twitch filed a motion for default judgment against Defendants, which was referred to Magistrate Judge Sallie Kim. Dkt. Nos. 58, 59. Twitch also filed supplemental briefing in support of the amount of its damages request. Dkt. No. 66. The Report recommended granting the majority of Twitch's motion, finding Defendants liable for breach of contract, awarding Twitch its full amount of damages of $328,164 against Defendants, and granting Twitch's requested permanent injunction. *See* Report at 13. Twitch does not object to those portions of the Report.

### III. ARGUMENT

A party may object to the proposed findings and recommendations of a Magistrate Judge on a dispositive motion within 14 days after being served a copy of the recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The party must "specifically identify the portions of the Magistrate Judge's findings, recommendation, or report to which objection is made and the reasons and authority supporting the motion." Local Civil Rule 72-3(a). The district court may consider the record of the proceedings before the Magistrate Judge. *Id.* 72-3(c). The district court shall then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and may "modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1)(C).

Here, Twitch timely objects to the recommendation in the Report that the Court deny

-5-

4:21-CV-7006-JST (SK)
MOT. FOR DE NOVO DETERMINATION OF
MATTER REFERRED TO MAGISTRATE

163135849.2

Twitch's motion for default judgment with respect to Twitch's claim for fraud in the inducement. Specifically, Twitch objects to the Report's findings that Twitch has not adequately pled a claim for fraud in the inducement because Twitch "has not directly pled that Defendants sought to induce reliance based on their actions," and that "although [Twitch] states any reliance on its part was justified, it does not provide reasons for that justification." Report at 7. Twitch does not object to or seek modification of any other portion or finding in the Report.

Twitch has adequately pled its fraud in the inducement claim. To state a claim for fraud in the inducement, a plaintiff must allege "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." *See Parino v. Bidrack, Inc.*, 838 F. Supp. 2d 900, 906 (N.D. Cal. 2011) (citing *Lazar v. Super. Ct.*, 909 P.2d 981, 984 (Cal. 1996)). The Report correctly determined Twitch had pled misrepresentation and knowledge, but erroneously found Twitch's pleading deficient as to Defendants' intent to induce reliance and that Twitch's reliance was justified. Report at 7.

Twitch seeks de novo review of the Report's findings on these elements for two reasons. First, under the law of the case doctrine, the Court has already implicitly determined that Twitch sufficiently stated its fraud in the inducement claim. "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court." *Mortgage Elec. Registration Sys., Inc. v. Koeppel*, No. 5:18-cv-03443-EJD, 2020 WL 1233925, at *6 (N.D. Cal. Marc. 13, 2020) (quoting *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988)). The doctrine applies where the issue in question was "decided either expressly or by necessary implication in the previous disposition." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (citation omitted). By granting Twitch's prior motions which required a showing that the claims in the complaint were sufficiently pled, the Court has already implicitly found that Twitch stated a claim for fraud in the inducement. Dkt. Nos. 17, 22, 35, 38. The Court should not adopt the Report's conclusions that are inconsistent with those prior determinations.

Second, the Report misstates the pleading requirements for the intent element of a fraud

claim and overlooks relevant allegations in the Second Amended Complaint and evidence supporting Twitch's fraud claim. The Report found that Twitch has not adequately pled a claim for fraud in the inducement because Twitch "has not directly pled that Defendants sought to induce reliance based on their actions," and that "although [Twitch] states any reliance on its part was justified, it does not provide reasons for that justification." Report at 7. The Report states that a plaintiff must plead the circumstances constituting fraud "with particularity," but that heightened pleading standard does not apply to the intent element because "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Accordingly, the intent element of a fraud in the inducement claim, which the Report found lacking particularity, may be pled generally through circumstantial evidence, including allegations describing the defendants' conduct. *Hosp. Mktg. Concepts, LLC v. Six Continents Hotels, Inc.*, No. SACV 15-01791, 2016 WL 9045621, at *6 (C.D. Cal. Jan. 28, 2016) (citing *Manta v. Chertoff*, 518 F.3d 1134, 1142 (9th Cir. 2008)). Here, the facts pled by Twitch are sufficient to show Defendants' intent to induce fraud. Defendants knew that to conduct the hate raids via the chat feature on Twitch.tv, they needed to create Twitch accounts. SAC ¶¶ 21, 24. But Defendants also knew that they had been banned because the hate raid attacks violated the Terms and Twitch would not permit them to create new Twitch accounts if Twitch knew their true identities. *Id.* ¶¶ 5, 81-82. Thus, Defendants concealed their identities in order to create thousands of accounts and misrepresented to Twitch that they would abide by the Terms intentionally in order to induce Twitch into granting them access to Twitch.tv so they could continue their hate raid attacks. *Id.*

Twitch also pled sufficient facts, supported by the evidence submitted with its briefing on its motion for default judgment, to show that Twitch was justified to rely on Defendants' misrepresentation that they intended to comply with the Terms. Specifically, Twitch's reliance was justified because, at the time of the fraudulent inducement, Twitch did not know or have reason to know it was Defendants behind the new accounts. After being banned, and "unbeknownst to Twitch," Defendants concealed their identities from Twitch and misrepresented

to Twitch that they intended to comply with the Terms. *Id.* ¶ 81; *see also id.* ¶ 82 ("On information and belief, Defendants again misrepresented and concealed their identities and other personally identifying information (such as email addresses and IP addresses) to create accounts on Twitch from which to conduct hate raids."); *see also* SAC ¶ 5 ("They evaded Twitch's bans by creating new, alternate Twitch accounts, and continually altering their self-described 'hate raid code' to avoid detection and suspension by Twitch."); *id.* ¶ 54 ("[Defendants] continue to develop their software code to avoid Twitch's efforts at preventing Defendants' bots from accessing the Twitch Services."); Supp. Haywood Decl. (Dkt. No. 66-2) ¶ 5 ("Defendants repeatedly accessed the Twitch services by misrepresenting or concealing their identities and personal information to create new Twitch accounts."); Supp. Gede Decl. (Dkt. No. 66-1) ¶ 4 (same). As far as Twitch knew, Defendants were new Twitch users creating new accounts in order to use Twitch's services in compliance with the Terms, and Twitch had no reason to doubt these "new users'" acceptance of the Terms. Accordingly, Twitch's reliance was justified. *Parino*, 838 F. Supp. 2d at 906. After Defendants again gained access to the Twitch services under these false pretenses, they "immediately violated" their promise to abide by the Terms by "continuing to conduct hate raids, harass and defame other Twitch users, and post harassing content on Twitch." SAC ¶ 81.

## IV. CONCLUSION

Twitch respectfully requests that the Court enter default judgment against Defendants with respect to the fraud in the inducement claim, and that the Court otherwise adopt the remainder of the Report without modification, including liability on the breach of contract claim, the award of $328,164 in damages, and injunctive relief.

Dated: August 3, 2023    **PERKINS COIE LLP**

By: */s/ Katherine M. Dugdale*
Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
Jacob P. Dini, *pro hac vice*
JDini@perkinscoie.com

-8-
4:21-CV-7006-JST (SK)
MOT. FOR DE NOVO DETERMINATION OF
MATTER REFERRED TO MAGISTRATE

163135849.2

*Attorneys for Plaintiff*
Twitch Interactive, Inc.

-9-