Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Jacob P. Dini, *pro hac vice*
JDini@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff
Twitch Interactive, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TWITCH INTERACTIVE, INC., a Delaware corporation,,

Plaintiff,

v.

MANGO, an individual, also known as MANGOBLACKSUNLEGION and MANGOBLACKSUN; and CREATINEOVERDOSE, an individual,

Defendants.

Case No. 4:21-cv-7006-JST

**[PROPOSED] JUDGMENT AGAINST DEFENDANTS MANGO AND CREATINEOVERDOSE**

This action came before the Court, the Honorable Jon S. Tigar, United States District Judge presiding, on the motion of Plaintiff Twitch Interactive, Inc. ("Twitch") for default judgment and a permanent injunction against Defendants Mango (also known as MangoBlackSunLegion and MangoBlackSun, hereafter "Mango") and CreatineOverdose (collectively, "Defendants"). Having expressly determined that there is no just reason for delay, the Court enters the following final judgment as to Defendants, and concurrently enters a separate Permanent Injunction. *See* Fed. R. Civ. P. 54(b). The evidence presented having been fully considered and a decision having been duly rendered,

**IT IS SO ORDERED AND ADJUDGED that,**

1. Defendants flooded Twitch streamers with hateful content in a type of attack known as a "hate raid," that targeted streamers from marginalized groups. Defendants attacked these streamers by flooding their chats with bot-powered Twitch accounts that spewed racist, sexist, and homophobic language and content.

2. Defendants breached the Twitch Terms of Service, Community Guidelines, and Twitch Developer Services Agreement (collectively, the "Terms"). The Terms is a contract between Twitch and Defendants into which Defendants willingly entered when they registered accounts with Twitch and/or by downloading, accessing, or using the Twitch Services to, among other things, perform the hate raids. Twitch performed its obligations under the Terms. Defendants breached the Terms by, among other things, posting racist, homophobic, and highly offensive content in Twitch chats, harassing and defaming users of the Twitch Services, accessing the Twitch Services with fake accounts after they were banned, accessing the Twitch Services with prohibited bots, and sharing content that may reveal private personal information about individuals without their permission. This breach harmed Twitch by forcing it to expend resources to investigate and take remedial action against Defendants and to implement new security measures on the Twitch Services. Defendants also seriously harmed Twitch streamers targeted by Defendants, including causing emotional trauma and affecting their ability to stream on Twitch.

3. Defendants also fraudulently induced Twitch into granting them access to the

Twitch Services. By registering Twitch accounts, Defendants falsely represented that they agreed to be bound by the Terms and that they would not conduct hostile raids, post hateful content on Twitch, harass Twitch users, or deploy bots in an unauthorized manner. Defendants were aware of the falsity of their representation because they had been banned from Twitch previously for the same conduct, and intended to deceive Twitch into accessing the Twitch Services because they knew that Twitch would not have permitted them to create new Twitch accounts if Twitch knew their true identities. Relying on these representations, Twitch granted Defendants access to the Twitch Services. This reliance was justified because Twitch did not know that Defendants were concealing their identities in order to enter into to new Twitch accounts. Twitch was harmed when Defendants subsequently conducted the hate raids.

4. Twitch is awarded $328,164 in compensatory damages against Defendants.

5. This judgment shall accrue interest, compounded annually, pursuant to 28 U.S.C. § 1961.

**IT IS SO ORDERED.**

Dated: ____________________

HONORABLE JON S. TIGAR
United States District Judge